IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELLIS JEROME SIMON | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-07-CV-1793-D |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Ellis Jerome Simon, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

A jury convicted petitioner of aggravated robbery. Punishment, enhanced by two prior felony convictions, was assessed by the trial court at 50 years confinement. His conviction and sentence were affirmed on direct appeal. *Simon v. State*, No. 05-05-00437-CR, 2006 WL 337590 (Tex. App.--Dallas, Feb. 15, 2006, pet. ref'd). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Simon*, WR-68,015-02 (Tex. Crim. App. Sept. 12, 2007). Petitioner then filed this action in federal district court.

II.

In three grounds for relief, petitioner contends that: (1) he was denied the right to have a jury assess punishment; (2) the rejection of his affirmative defense of duress was against the great weight and preponderance of the evidence; and (3) he received ineffective assistance of counsel.

A.

Petitioner first contends that he was denied the right to have a jury assess his punishment as guaranteed by the United States Constitution. Respondent counters that this claim is procedurally barred from federal habeas review.

A federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default. *Sawyer v. Whitley*, 505 U.S. 333, 338, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992). Only procedural rules that are firmly established and regularly followed by state courts can prevent habeas review of federal constitutional rights. *Hathorn v. Lovorn*, 457 U.S. 255, 262-63, 102 S.Ct. 2421, 2426, 72 L. Ed.2d 824 (1982). Under Texas law, claims which should have been raised on direct appeal cannot be presented for the first time in an application for state post-conviction relief. *See Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996). The Fifth Circuit has held that this rule constitutes an adequate state procedural bar for purposes of federal habeas review. *Aguilar v. Dretke*, 428 F.3d 526, 535 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 2059 (2006), *citing Busby v. Dretke*, 359 F.3d 708, 719 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004).

Petitioner did not appeal his sentence on the ground that he was denied the right to have a jury assess punishment. Rather, this claim was raised for the first time in an application for state post-conviction relief. The state habeas court rejected the claim, finding that petitioner "had an opportunity to raise this issue on appeal but failed to do so." *Ex parte Simon*, WR-68,015-02, Tr. at 82. Because the last court to consider petitioner's claim expressly and unambiguously denied relief based on a state procedural default, *see Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553, 115 L.Ed.2d 640 (1991), the claim is barred from federal habeas review unless petitioner can show either: (1) cause for the default and actual prejudice; or (2) that application of the state procedural bar would result in a fundamental miscarriage of justice. *See Smith v. Johnson*, 216 F.3d

521, 524 (5th Cir. 2000). Although petitioner alleges that there has been a "fundamental miscarriage of justice," this conclusory and unsubstantiated assertion is not enough to merit federal habeas review of a defaulted claim.[1] See Snyder v. Johnson, No. 4-00-CV-1557-Y, 2001 WL 880703 at *4 (N.D. Tex. Jul. 24, 2001), citing Ross v. Estelle, 694 F.2d 1008, 1111-12 (5th Cir. 1983) (conclusory allegations lack probative value and do not overcome procedural default).

B.

Petitioner further argues that the jury's rejection of his affirmative defense of duress was against the great weight and preponderance of the evidence.[2] This is tantamount to an attack on the factual sufficiency of the evidence. See Roberts v. State, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007) (evidence is factually insufficient when evidence supporting the verdict "is outweighed by the great weight and preponderance of the contrary evidence so as to render the verdict clearly wrong and manifestly unjust").

Under Texas law, intermediate appellate courts have the authority to review fact questions in criminal cases. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). This "factual sufficiency" review of the evidence is broader than a "legal sufficiency" challenge under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Id. Instead of viewing the evidence in the light most favorable to the prosecution and determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," a factual sufficiency inquiry views all the evidence to determine whether the verdict "is so contrary to the

---

[1] In the procedural default context, a "fundamental miscarriage of justice" means that the petitioner is actually innocent of the underlying criminal offense. See Sawyer, 112 S.Ct. at 2519. Petitioner does not allege, much less prove, actual innocence.

[2] Respondent argues that this claim is procedurally barred from federal habeas review because petitioner raised it in an application for state post-conviction relief. (See Resp. Ans. at 6). Although petitioner challenged the factual sufficiency of the evidence in his state writ, he also raised the issue on direct appeal.

overwhelming weight of the evidence as to be clearly wrong and unjust." *Pruitt v. Cockrell*, No. 3-00-CV-1713-H, 2001 WL 1115339 at *13 (N.D. Tex. Sept. 14, 2001), *quoting Clewis*, 922 S.W.2d at 129. The power of state appellate courts to review the factual sufficiency of the evidence derives from Texas statutory and constitutional authority. *Id.* at *14 (citing cases). There is no corresponding right of review under the United States Constitution. *Id.*; *see also Daisy v. Dretke*, No. 3-04-CV-2015-D, 2004 WL 3167743 at *2 (N.D. Tex. Dec. 21, 2004) (citing cases).

Here, petitioner claims that the evidence was *factually insufficient* to support his conviction. He does not challenge the *legal sufficiency* of the evidence under *Jackson*. Nor was such a claim raised on direct appeal or state collateral review. Consequently, petitioner is not entitled to federal habeas relief on this ground.

C.

Finally, petitioner contends that he received ineffective assistance of counsel because his attorney: (1) told the jury that petitioner had two prior felony convictions; and (2) failed to object when the trial court dismissed the jury before the punishment hearing.

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. Second, the petitioner must establish prejudice. *See id.* at 2067. The *Strickland* standard is highly deferential to strategic choices made by trial counsel. "So

long as counsel made an adequate investigation, any strategic decisions made as a result of that investigation fall within the wide range of objectively reasonable professional assistance." *Cotton v. Cockrell*, 343 F.3d 746, 752 (5th Cir. 2003), *cert. denied*, 121 S.Ct. 1417 (2004). A conscious and informed decision on trial tactics and strategy cannot form the basis of an ineffective assistance of counsel claim "unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Id.* at 753; *see also United States v. Jones*, 287 F.3d 325, 331 (5th Cir.), *cert. denied*, 123 S.Ct. 549 (2002).

Where, as here, a state court has already rejected an ineffective assistance of counsel claim, a federal court may grant habeas relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 411-13, 120 S.Ct. 1495, 1522-24, 146 L.Ed.2d 389 (2000). A state court decision is contrary to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby*, 359 F.3d at 713, *citing Williams*, 120 S.Ct. at 1523. A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Factual determinations made by state courts are presumed to be correct and are unreasonable only

where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence."
28 U.S.C. § 2254(e)(1).

2.

Petitioner, a convicted felon, was indicted for aggravated robbery with a deadly weapon. According to the victim, Jada Bowens, petitioner and an accomplice forced themselves into her home, tied up Bowens and her six-year old daughter with duct tape, ransacked the house, and stole her ATM card. (*See* SF-III at 121-24). Petitioner then took Bowens and her daughter to the garage and ordered them into the trunk of her car. (*See id.* at 124-28). At trial, petitioner testified that he had no prior knowledge of the robbery and participated in the offense only because he feared for his life and that of the victims. (*See id.* at 158, 162, 171). Anticipating that the prosecutor would impeach petitioner with evidence of his prior convictions,[3] defense counsel told the jury during his opening statement:

> The evidence will show that [petitioner] was convicted of Aggravated Robbery in 1990, Attempted Murder in 1990, and he went to prison. But when he got out of prison he made something of his life and you will hear evidence that he didn't think that if he told the police what happened they would even believe this guy who had such a record.

(*Id.* at 18). Petitioner now complains that this strategic decision by counsel deprived him of a fair trial.

In an affidavit filed with the state habeas court, defense counsel explained that he mentioned petitioner's prior convictions during his opening statement because "Mr. Simon was going to testify and did not want the jury to be surprised by his record." *Ex parte Simon*, WR-68,015-02, Tr. at 84-

---

[3] Under Texas law, a witness may be impeached with evidence of a prior felony conviction, provided that more than 10 years had not elapsed "since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date[.]" TEX. R. EVID. 609(b). Petitioner testified that he was released from prison on his prior convictions in November 2002, less than two years before his trial in September 2004. (*See* SF-III at 151).

85. The state court accepted this explanation and found that counsel was effective by "utilizing sound trial strategy[.]" *Id.* at 82. Petitioner has failed to adduce any evidence, much less clear and convincing evidence, to rebut that finding. *See Prater v. Renico*, No. 1-03-CV-673, 2006 WL 1541349 at *7 (W.D. Mich. May 31, 2006) (counsel was not ineffective for mentioning defendant's prior conviction during opening statement even if defendant later decided not to testify at trial); *United States, ex rel. Anderson v. Carter*, No. 97-C-4198, 1998 WL 485680 at *2-3 (N.D. Ill. Aug. 12, 1998) (same).

Nor was counsel ineffective for failing to object when the trial judge dismissed the jury before the punishment hearing. Although petitioner contends that he never waived his right to be sentenced by a jury,[4] defense counsel testified otherwise. In his affidavit, counsel stated that "Mr. Simon did not want a jury to assess punishment because he thought they would give him a life sentence in the event of guilty [sic]." *Ex parte Simon*, WR-68,015-02, Tr. at 85. The state habeas court found that defense counsel informed petitioner of his sentencing options, thereby implicitly finding that petitioner knowingly and voluntarily elected to be sentenced by the court. *Id.* at 82. Petitioner has failed to rebut that credibility determination by clear and convincing evidence. *See Pemberton v. Collins*, 991 F.2d 1218, 1225 (5th Cir.), *cert. denied*, 114 S.Ct. 637 (1993), *citing Sumner v. Mata*, 455 U.S. 591, 597, 102 S.Ct. 1303, 1306, 71 L.Ed.2d 480 (1982) (habeas statute obliges federal judges to respect credibility determinations made by the trier of fact).

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

---

[4] The state court record shows that petitioner, through his attorney, filed an election to be sentenced by the jury. (*See* St. App. Tr. at 11). However, Texas law allows a defendant, with the consent of the prosecutor, to change his election after a finding of guilty. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 2(b) (Vernon Supp. 2007).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 6, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE